July 13, 2015

81,893-01

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 20 2015

Abel Acosta, Clerk

Court of Criminal Appeals
State of Texas
201 W. 14th Street, Rm 106
Austin, Texas 78701

In re: Ex parte Joseph Johnson Jr., Art. 11.07 Writ
Harris Co. Cause No. 1234108-B

To The Clerk:

Please find enclosed for filing "Applicant's Objection to State's Findings of Fact, Conclusions of Law, and Order" received by the Court & your office last week, Harris Co. number stated.

I ask that this document be placed in the file for review by the appellate court & noted to myself of receipt as I am quite certain Harris Co. has previously failed to forward ALL documents in Cause No. 1234108, Writ No. WR-81,893-01.

I thank you for your attention to this most important matter.

Respectfully submitted,

/s/ Joseph Johnson Jr.
Joseph Johnson, Jr. 1258121
c.f. Terrell Unit
1300 F.M. 655
Rosharon, Tx 77583

EX PARTE

JOSEPH JOHNSON, JR.      WRIT NO. _____

      Applicant

### APPLICANTS' OBJECTION TO STATE'S
### PROPOSED FINDINGS OF FACT,
### CONCLUSIONS OF LAW, AND ORDER

BEFORE THE COURT:

COMES NOW JOSEPH JOHNSON, JR., Applicant Pro Se, and files his "Applicants' Objection To State's Proposed Findings of Facts, Conclusions of Law, and Order" as bogus and misleading, and, contains no perjury statement or sworn declaration of truth [required] by Law. If Applicant is required to so file documents in this manner so is the State. In truth, a multitude of controverted, unresolved facts, clearly material to the legality of Applicant's illegal confinement, that was discovered AFTER filing of original Art. 11.07 Writ of Habeas Corpus are the issue as it appears a Morton Act violation of Due Process of Law HAS occurred.

"ANY defect which renders sentence void may be raised at [ANY] time" (Levy v. State, 818 S.W.2d 801 (Cr. App. 1991) and "the purpose

of habeas corpus review _is_ to ensure that individuals are not imprisoned in violation of the Constitution." <u>Herrera v. Collins</u>, 506 U.S. 390, 113 S.Ct. 853 (1993); <u>Barefoot v. Estelle</u>, 463 U.S. 880 (1983). Applicant surely is.

Applicant plainly raised issue that the current claim(s), but for an act of God and good fortune, _could_ not have been previously presented due to the fact that Applicant's request for the documents _was_ <u>DENIED</u> by Respondants stating Texas Government Code Section 552.028. Said action runs contrare to the MORTON Act of 2012. (See attached Exhibit A).

Applicant was at a loss when out of the blue a friend, with no Notice, purchased the records from Archives. If not for this kind act of faith Applicant would have (1) never learned how he illegally ended up in prison od and (2) would have never seen the altered and falsified documents now in his possession. In this instance, an Evidentiary Hearing, with Applicant present with proper representation, i.e., Rusty Hardin, Dick DeGaurin, David Rushing, should be held with a change of judges so as to be able to question Judge Jan Krocker about events

alleged to have occurred November 29, 2011, while Applicant sat in the Harris County jail and [was NOT] (emphasis added) in Court.

In this manner no preponderance of evidence could have been put forth to any rational juror as none existed, a fact the Prosecution was well aware of. To hold an _APPRENDI_ violation occurred is a clear understatement. (See _Apprendi v. New Jersey_, 530 U.S. 466, 120 S.Ct. 2348 (2000); _Brady v. Maryland_, 373 U.S. 83, 83 S.Ct. 1194 (1963)(right to jury trial on all elements of charge); Tx. Const. Art. 1.315

Showing that actual and legal basis for claim was not reasonably available ..., or that some _interference_ _by_ _officials_ made compliance .... impracticable, would constitute cause of procedural default on actual innocence. (_Murrey v. Carrier_, 477 U.S. 478, 106 S.Ct. 2639 (1986)).

Respondant holds Applicant has "failed to demonstrate" that his conviction was, in fact, improperly obtained and that he _is_ improperly confined. Applicant contends that review of _each_ document in his possession from the archives will more than show judicial corruption, an illegally obtained

conviction and his illegal confinement, an act constituting both a civil rights violation and a federal violation under 18 U.S.C. § 241 for Official Oppression and Kidnapping.

Last, the State Order holds for the Clerk "to prepare a transcript and transmit" to the Court of Appeals certain documents, the most interesting being "#4: The Indictment, Judgment & Sentence, and [docket sheet] ooo" Applicant is most interested to see how the Court's documents match those from the archive.

### CONCLUSION

Applicant holds that (1) the State has clearly filed a bogus Findings of Fact, Conclusion of Law, and Order to intentionally misdirect the Court of Criminal Appeals from the real issue of altered documentation to obtain an illegal conviction, and (2) could not truthfully attest to the facts without committing perjury as Applicant has been able to do.

Applicant has shown that, even by due diligence, he was denied the records on several different occassions prior to filing original Writ, and, that had he had a jury trial any rational juror could not, for lack of weapon or any

④

other evidence, found Applicant guilty of the offense as set in the Indictment. As such, the State's Proposed Order to dismiss Applicants Art. 11.07 Writ should be denied.

Respectfully submitted,

/s/ Joseph Johnson Jr.

Joseph Johnson Jr 1758171

C.T. Terrell Unit

## UNSWORN DECLARATION

I, Joseph Johnson, Jr., T.D.C.J.-ID NO 1758171, being presently illegally restrained of my liberty in violation of 18 U.S.C. §241 at the C.T. Terrell Unit at 1300 F.M 655, Rosharon, Texas 77583, declares under penalty of perjury the foregoing is true and correct.

Signed this the 13th day of July, 2015.

/s/ Joseph Johnson Jr

AFFIANT

EXHIBIT "A"



**CHRIS DANIEL**
HARRIS COUNTY DISTRICT CLERK

# NOTICE

In accordance with Section 552.028 Government Code.
Request for information from incarcerated individual.

(a) A governmental body is not required to accept or comply with a request for information from:

(1) An individual who is imprisoned or confined in a correctional facility; or

(2) An agent of that individual, other than that individual's attorney when the attorney is requesting information that is subject to disclosure under this chapter.